**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-41379**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ORNALDO ALONSO AVILA, JR.; JUSTIN LONG,**

**Defendants-Appellants.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(L-98-CR-620-22)**

August 23, 2001

Before KING, Chief Judge, BARKSDALE, Circuit Judge, and SCHELL, District Judge.[1]

PER CURIAM:[2]

A jury convicted Justin Long of conspiracy to possess with intent to distribute marijuana; aiding and abetting possession with intent to distribute marijuana; conspiracy to launder money; and aiding and abetting money laundering. The jury convicted Long's co-defendant, Ornaldo Alonso Avila, Jr., of conspiracy to possess with intent to distribute marijuana. **AFFIRMED.**

---

[1]United States District Judge of the Eastern District of Texas, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

The indictment charged 24 individuals with a drug-trafficking conspiracy, which involved shipments by courier and by vehicles from Laredo, Texas, to the Toledo, Ohio, area. Numerous defendants pleaded guilty and testified on behalf of the Government.

Long traveled between Toledo and Laredo for drug-trafficking purposes, including driving a vehicle that transported the drugs. He also received and sent money transfers of drug proceeds. Once, after visiting a co-conspirator who had been arrested, Long informed the others that the co-conspirator was acting scared and guilty and appeared to be cooperating with the authorities.

Avila worked for Airborne Express in Laredo. He would pick up packages of marijuana and transport them through the delivery system in a way that would avoid the drugs' being detected.

## II.

Long appeals his conviction and, in passing, his sentence. Avila appeals his sentence.

### A.

#### 1.

Long challenges the legal and factual sufficiency of the evidence supporting his convictions. Because he moved for a judgment of acquittal at the close of the Government's case and again after the defense rested, the standard for evaluating his sufficiency challenge is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt". *United States v.*

*Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998). Long's appeal is essentially an attack on the credibility of the Government's witnesses, his indicted co-conspirators who pleaded guilty.

The record is replete with direct and circumstantial evidence of Long's participation and knowledge. It goes without saying that "non-credibility is generally not a sound basis for alleging insufficiency of the evidence on appeal; it is the jury's function to determine credibility". *United States v. Polk*, 56 F.3d 613, 620 (5th Cir. 1995). Because a reasonable jury could have found Long guilty beyond a reasonable doubt for the crimes for which he was convicted, the district court did not err in denying a judgment of acquittal.

2.

Long, in passing, asserts: the district court attributed more marijuana to him than it should have; and, as a result, his sentence was too high. He neither lists this point as a separate issue on appeal nor develops his argument. *See* FED. R. APP. P. 28(a)(5), (9). Therefore, the issue is deemed abandoned. *See, e.g., Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir.) (party who inadequately briefed issue abandoned claim), *cert. denied*, 513 U.S. 868 (1994).

B.

Avila was sentenced to, *inter alia*, 72 months imprisonment. He asserts the district court should have only attributed 123 pounds (55.8 kilograms), not 530 pounds (240 kilograms), of marijuana to him, and his sentence was therefore in error. Avila

3

shipped marijuana for two chains of distribution that originated with Ramirez, for whom Medina packed the marijuana: one chain involving, *inter alia*, Kline and Long; the other involving, *inter alia*, the Thomas sisters, Strenke, and Estrada.

The Presentence Investigation Report attributed to Avila 530 pounds of marijuana — 350 pounds based on the testimony of Strenke and Estrada; 90 pounds based on Kline's testimony; and 90 pounds based on Medina's testimony. At the sentencing hearing, the district court did not make a specific finding as to the amount he attributed to Avila, but observed: "All he needs to be [within the 70 to 87 month guideline sentencing range] is ... 220 pounds". *See* U.S.S.G. § 2D1.1(c)(7) (100 kilograms (220 pounds) to less than 400 kilograms (880 pounds) results in base offense level of 26).

Avila contends his sentencing was in error because of double-counting: that the 90 pounds about which Kline and Medina testified were the same. And, he challenges the amounts about which Strenke testified as speculative and inconsistent with other testimony. Avila asserts that, instead of relying on Strenke's testimony, the district court should have relied on Estrada's testimony regarding the same chain of distribution which attributed 33 pounds of marijuana to Avila.

Of course, the quantity of drugs attributed to a defendant is a finding of fact reviewed only for clear error. ***United States v. Alix***, 86 F.3d 429, 436 (1996). In district court, Avila objected to the amount of marijuana attributed to him, asserting that, at most, he was responsible for 180 pounds. But, in district court,

4

he simply challenged the credibility of Strenke's testimony and did not specifically raise the issue of double-counting. Therefore, the double-counting issue is subject only to plain error review. *Cf.* **United States v. Jimenez**, 256 F.3d 330, 2001 WL 740569, at *7 (5th Cir. 2001) ("When a defendant fails to object to an instruction, or if he urges a different ground for the objection on appeal than before the district court, we review for plain error."); **United States v. Gallardo-Trapero**, 185 F.3d 307, 321-22 (5th Cir. 1999) (reviewing unobjected-to portions of prosecutor's closing argument for plain error), *cert. denied*, 528 U.S. 1127 (2000). In any event, even if we review the claimed double-counting under the less stringent clearly erroneous standard instead of for plain error, any double-counting was harmless. *See* FED. R. CRIM. P. 52(a) ("Any error ... which does not affect substantial rights shall be disregarded.").

Assuming the record does not support attributing 530 pounds to Avila, it does provide a substantial basis for attributing at least 220 pounds, which, as the district court noted, would have resulted in the same offense level. Estrada testified to not only having received at least three shipments of around 10 pounds each (which Avila acknowledges) but also to Thomas' having received a 13-pound shipment. Counting the 90 pounds testified to by Kline and Medina only once and adding the 43 pounds testified to by Estrada yields 133 pounds. Even if the 43 pounds to which Estrada testified was included in the 400 to which Strenke testified, crediting Strenke with merely 100 additional pounds (an extremely conservative

5

estimate) would not be clearly erroneous, and this total of 233 pounds would still place Avila within the sentencing range applied.

### III.

For the foregoing reasons, the convictions and sentences are

***AFFIRMED.***